UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JEREMIAH MANNING,

        Plaintiff,                       Case No. 2:19-cv-216

v.                                            Honorable Janet T. Neff

ROBERT SAYLES et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice pursuant to the *Younger* abstention doctrine.

## Discussion

**I.      Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa County Jail in Sault Sainte Marie, Chippewa County, Michigan. The

events about which he complains occurred at the jail following his arrest. Plaintiff sues Sault Tribal Police Officers Robert Sayles and Greg Postma, and Public Defender Jennifer France.

In addition to filing the instant complaint, Plaintiff has also filed numerous supplemental pleadings, as well as a request for a new attorney in his underlying state criminal case. Plaintiff alleges that he was stopped by police in June of 2019 and was given a PBT [preliminary breath test], which showed that he had a blood alcohol content of .16. Plaintiff admitted to police that he was drunk. Plaintiff was taken to the jail and was told that he was being charged with an OWI [operating while under the influence]. Plaintiff refused to submit to a blood test, thinking it was unnecessary since he had already had a PBT and admitted that he was drunk. Defendant Sayles obtained a search warrant and Plaintiff again refused and was charged with three counts of assault. Defendant Sayles took Plaintiff's blood.

Plaintiff was represented by Defendant France and, when he went to court for his preliminary exam on October 7, 2019, Plaintiff discovered that Defendant France had "waived" his preliminary examination in August while Plaintiff was in Great Lakes Recovery, and that the hearing on October 7, 2019, was to make up for that. Plaintiff believes that Defendant France is working with the prosecutor to set him up for a conviction. Plaintiff was arraigned on October 29, 2019, and complains that Defendant France would not allow Plaintiff to speak to the judge during the arraignment.

Plaintiff states that Defendant France told him that the jail video showed that Plaintiff only resisted officers, and did not actually assault them. Plaintiff told her that he should only be charged with resisting, not "assault/resisting/obstructing." Defendant France later told Plaintiff that he should take a plea deal for one count of "assault/resisting/obstructing." Plaintiff contends that his attorney and the staff from Great Lakes Recovery violated his rights when they

2

informed law enforcement that Plaintiff had left rehab, which resulted in Plaintiff being returned to jail. Plaintiff also contends that his OWI charges should not be in state court because he was arrested on land belonging to the Sault tribe.

Plaintiff claims that Defendants' conduct violated his due process rights. Plaintiff seeks equitable relief.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Younger abstention doctrine

The Court will abstain from addressing Plaintiff's claims under the principles enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. (*Id.* at 44.) The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex Cty Ethics Comm'n. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, there is no dispute that there was an ongoing state judicial proceeding when Plaintiff filed his complaint. Second, state criminal proceedings involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an

4

adequate opportunity to raise constitutional challenges. Nothing prevents Plaintiff from presenting his federal claims in the pending state court proceedings. If he does so, and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Michigan law.

*Younger* requires abstention unless: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). Plaintiff's allegations do not implicate any of the exceptions to the *Younger* abstention doctrine. Moreover, when the state proceeding is criminal in nature, the policy against federal interference is particularly strong. *Younger*, 401 U.S. at 43.

*Younger* abstention may warrant dismissal of a claim without prejudice where the only relief being sought is equitable or otherwise discretionary. *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention"). In this case, Plaintiff is seeking equitable relief in that he would like the Court to inject itself into the state criminal proceeding. Here, dismissal without prejudice is appropriate, as Plaintiff may properly assert any constitutional claims or challenges in a habeas corpus action filed pursuant to 28 U.S.C. § 2254 after his criminal proceeding has concluded and he has exhausted his state court remedies.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice pursuant to the *Younger* abstention doctrine. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.


Dated:   February 12, 2020                    /s/ Janet T. Neff
                                              Janet T. Neff
                                              United States District Judge